# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **HANSEN AIR PROS, LLC** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. _____ |
| | ) |
| **CLAREMONT PROPERTY CO., INC.** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW, Plaintiff **Hansen Air Pros, LLC**, and for its Complaint against Defendant Claremont Property Co., Inc. alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Hansen Air Pros, LLC (hereinafter "Hansen") is a limited liability company organized under the laws of Delaware, and is a wholly owned subsidiary of Air Pros Solutions, LLC, which is a wholly owned subsidiary of Air Pros Solutions Holdings, LLC, which has members who are citizens of Alabama, Delaware, Florida, Georgia, Louisiana, and Washington. Consequently, Hansen is a citizen of Alabama, Delaware, Florida, Georgia, Louisiana, and Washington.

2. Defendant Claremont Property Co., Inc. (hereinafter "Claremont"), who upon information and belief, is a Texas corporation with its principal place of business in Bellaire, Texas, and is authorized to do business in the State of Alabama.

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) and (2), as the amount in controversy exceeds the sum or value of $75,000.00 and complete diversity between the parties exists.

4. This Court has personal jurisdiction over Defendant Claremont as Defendant Claremont has maintained systematic and continuous business contacts within the State of Alabama, including by transacting and conducting business in the State of Alabama. Defendant Claremont maintains business offices in Mobile and Orange Beach, both of which are within the Southern District of Alabama.

5. Venue is proper in this court pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to this claim occurred in this judicial district as the Project made the basis of this suit, and its related witnesses and documents, sits in this judicial district.

## **FACTS**

6. Hansen is a company that offers a variety of heating and air, electrical, and plumbing services to residential and commercial customers.

7. Defendant Claremont is a general contractor that holds itself out as an expert and a trusted name in property services that offers a broad range of property solutions.

8. Defendant Claremont engaged Hansen to perform certain heating, air, electrical, and plumbing services at the Gulf Shores Plantations Condominiums, located at 400 Plantation Road, Gulf Shores, Alabama 36542 (the "Project"). A copy of the scope of the work for the Project is attached hereto as Exhibit "A."

9. The Project's scope of work included HVAC, electrical, and plumbing installation and services to be completed on Buildings 1, 2, 3, and 4. The initial total cost of construction for the Project was $2,636,928.65. (Continuation of Payment Application Sheet, attached hereto as Exhibit "B").

10. Hansen began work on the Project on or about November 9, 2020.

11. During the construction, a number of change orders were requested, which eventually brought the total cost of the project to $3,363,291.86. (Exhibit B).

12. Hansen's initial work on the Project was completed on or about July 9, 2022. However, Hansen continued to provide additional work on the Project up until approximately February 7, 2023.

13. Hansen and Defendant Claremont entered into a Joint Check Agreement ("JCA") for the Project on or about August 17, 2022, attached hereto as Exhibit "C."

14. Pursuant to the terms in the JCA, Hansen engaged Air-Tech of Pensacola to serve as its supplier for the Project. Air-Tech of Pensacola was to provide labor and/or materials to be utilized by Hansen during the Project.

15. In order to ensure that the flow of labor and/or materials were uninterrupted on the Project, the JCA provided that payment should be made "by [Defendant Claremont] by check made jointly to [Hansen] and [Air-Tech of Pensacola]" in the amount of $166,189.10.

16. To date, Defendant Claremont has not issued any payment for labor and/or materials furnished by Air-Tech of Pensacola. However, despite not being responsible for their payment under the terms of the JCA, Hansen issued a payment of $25,000.00 to Air-Tech of Pensacola on March 30, 2023. (Air-Tech Invoice, attached hereto as Exhibit "D").

17. Additionally, after making initial installment payments for the services rendered by Hansen, Defendant Claremont stopped issuing checks to Hansen. To date, Hansen has received approximately $1,525,842.17, which is less than half the amount due.

18. Despite repeated requests by telephone and email, Hansen has been unable to collect on the outstanding balance owed by Defendant Claremont, which totals at least $1,837,449.69, plus interest, attorneys' fees, expenses, and other costs that have not yet been quantified and billed.

19. Air-Tech of Pensacola has similarly not been paid their outstanding balance of 141,189.10 which is due from Defendant Claremont. Defendant Claremont's failure to pay Air-Tech of Pensacola continues to damage Hansen's reputation in the business community.

20. Hansen has provided HVAC, electrical, and plumbing services, including materials, to Defendant Claremont at the Project for which Hansen has not been fully compensated. Furthermore, Hansen went above and beyond its contractual obligations by issuing payment directly to Air-Tech of Pensacola in the amount of $25,000.00 on March 30, 2023. (*See* Exhibit D).

## COUNT ONE
## BREACH OF CONTRACT

21. Hansen adopts and incorporates the preceding paragraphs as if fully set forth herein.

22. Hansen and Defendant Claremont entered into a valid contract pursuant to which Hansen would perform construction services on the Project. (*See* Exhibit A).

23. Hansen and Defendant Claremont entered into a valid Joint Check Agreement pursuant to which Defendant Claremont would issue payment to Air-Tech of Pensacola for labor and/or materials required on the Project. (*See* Exhibit C).

24. To date, Hansen has performed all its obligations under both the contract and the JCA. Indeed, Hansen has gone above and beyond its obligations under the terms of the JCA in order to maintain its reputation in the business community. (*See* Exhibit D).

25. Defendant Claremont has breached its contract with Hansen as it failed to timely pay all amounts due.

26. Additionally, Defendant Claremont has breached the JCA as it failed to issue payments to Air-Tech of Pensacola for the Project.

27. Due to Defendant Claremont's breach of the both the contract and the JCA, Hansen has suffered both monetary damages and damages to its reputation in the business community.

28. As a direct and proximate result of Defendant Claremont's breach of both the contract and the JCA, Hansen has suffered damages as previously set forth herein. Defendant Claremont is liable for those damages as Hansen's damages are the natural, probable, and foreseeable result of Defendant Claremont's breach.

WHEREFORE, premises considered, Hansen demands compensatory, expectancy, and incidental damages in an amount no less than $1,837,449.69, plus pre-judgment and post-judgment interest, applicable interest charges, court costs, attorneys' fees, and for all other relief, in law or in equity, that the Court deems proper. Furthermore, Hansen seeks an additional $25,000.00 in repayment of the

money it paid directly to Air-Tech of Pensacola, which was not required under the JCA.

## COUNT TWO
## UNJUST ENRICHMENT

29. Hansen adopts and incorporates the preceding paragraphs as if fully set forth herein.

30. Defendant Claremont expressly and impliedly promised to pay Hansen for all services Hansen performed on the Project.

31. Additionally, Defendant Claremont expressly and impliedly promised to issue payment to Air-Tech of Pensacola as Hansen's supplier, for the equipment and supplies necessary to complete the Project.

32. Pursuant to the contract, Hansen completed the services and has fulfilled all its obligations under its contract with Defendant Claremont.

33. To date, Hansen has not been paid in full by Defendant Claremont for its services rendered.

34. Additionally, Defendant Claremont has not paid Air-Tech of Pensacola pursuant to JCA, thereby causing damage to Hansen's reputation in the business community.

35. Defendant Claremont knowingly and voluntarily requested and received a benefit from Hansen in form of unpaid labor, materials, and service.

WHEREFORE, premises considered, Hansen demands judgment in its favor and against Defendant Claremont for unjust enrichment and for disgorgement the amount of benefit received by Defendant Claremont that is unpaid, together with interest, court costs, and for all other relief, in law or in equity, that the Court deems proper.

## COUNT THREE
## ACCOUNT STATED

36. Hansen adopts and incorporates the preceding paragraphs as if fully set forth herein.

37. Hansen submitted to Defendant Claremont invoices for the total amount due and payable for all monies owed.

38. Defendant Claremont did not object to the amount due and payable under the invoices and the contract. Therefore, Defendant Claremont provided both express and implied assent to the balance.

39. The outstanding balance of the invoices submitted to Defendant Claremont by Hansen total $1,837,449.69, plus interest, attorneys' fees, and costs due.

WHEREFORE, premises considered, Hansen demands judgment in its favor and against Defendant Claremont in an amount no less than $1,837,449.69, plus pre-judgment and post-judgment interest, appliable interest charges, court costs,

attorneys' fees, and for all other relief, in law or in equity, that the Court deems proper.

## COUNT FOUR
## QUANTUM MERUIT

40. Hansen adopts and incorporates the preceding paragraphs as if fully set forth herein.

41. Defendant Claremont impliedly promised to pay Hansen for all construction services it performed on the Project.

42. Hansen incurred substantial costs because of the services, work, labor, materials, and equipment that Defendant Claremont knowingly and voluntarily accepted.

43. Defendant Claremont knowingly and voluntarily accepted the benefit of the services, work, labor, materials, and equipment provided by Hansen.

44. Defendant Claremont has failed to pay Hansen for the benefits of the services, work, labor, materials, and equipment provided by Hansen.

45. The fair and reasonable value of the unpaid services, work, labor, materials, and equipment provided by Hansen is $1,837,449.69.

46. Additionally, Defendant Claremont has failed to pay Hansen's supplier pursuant to the terms of the JCA, thereby causing damage to Hansen's reputation in the business community.

WHEREFORE, premises considered, Hansen demands judgment in its favor and against Defendant Claremont based on quantum meruit in an amount no less than $1,837,449.69, plus pre-judgment and post-judgment interest, appliable interest charges, court costs, attorneys' fees, and for all other relief, in law or in equity, that the Court deems proper. Furthermore, Hansen seeks an additional $25,000.00 in repayment of the money it paid directly to Air-Tech of Pensacola, which was not required under the JCA.

## COUNT FIVE
## VIOLATION OF THE ALABAMA PROMPT PAY ACT

47. Hansen adopts and incorporates the preceding paragraphs as if fully set forth herein.

48. The contract is governed by the Alabama Prompt Pay Act, Alabama Code Section 8-29-1, *et seq.* (2019).

49. Defendant Claremont violated the Alabama Prompt Pay Act by failing to make timely and prompt payments to Hansen pursuant to their agreement and after receipt of timely delivered invoices and requests.

50. As a result of Defendant Claremont's violation of the Alabama Prompt Pay Act, Hansen demands judgment against Defendant Claremont in a principal amount of no less than $1,837,449.69, and further claims the benefits of the interest and attorneys' fees remedies provided in the statute.

WHEREFORE, premises considered, Hansen demands all remedies available to it under the Alabama Prompt Pay Act, including, but not limited to, the principal balance, interest, attorneys' fees, costs, and reasonable expenses from Defendant Claremont and for all other relief, in law or in equity, that the Court deems proper.

## CONCLUSION

Accordingly, Hansen Air Pros, LLC respectfully requests that the Court enter judgment in its favor against Defendant Claremont Property, Co. in an amount no less than $1,837,449.69, plus pre-judgment interest and post-judgment interest, applicable interest charges, attorneys' fees, costs, and for all other relief, in law or in equity, that the Court deems proper. Furthermore, Hansen Air Pros, LLC requests the Court award it an additional $25,000.00 in repayment of the money it paid directly to Air-Tech of Pensacola.

Dated:     May 4, 2023                    Respectfully submitted.

/s/*Howard Perdue, III*
James S. Williams (WIL187)
Howard G. Perdue III (PER100)
DENTONS SIROTE PC
2311 Highland Avenue South
Birmingham, AL 35205
Telephone:  (205) 930-5100
Facsimile:   (205) 930-5101
**j.williams@dentons.com**
**trey.perdue@dentons.com**

>John C.S. Pierce (PIE009)
>DENTONS SIROTE PC
>1 St. Louis Street, Suite 1000
>Mobile, AL  36605
>Telephone:  251-432-1671
>Facsimile:   251-434-0196
>***john.pierce@dentons.com***

**DEFENDANTS TO BE SERVED AT:**

Claremont Property Co., Inc.
c/o CT Corporation System
2 North Jackson St.
Suite 605
Montgomery, AL 36104